UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE CARNES, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07 CV 6479 |
| ) | |
| MATERIAL SERVICE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## ANSWER

Defendant Material Service Corporation, by its attorneys Robert A. Carson of Gould & Ratner LLP, answers the complaint of Lawrence Carnes, III as follows:

1. Jurisdiction and venue lie in this action, Defendant conducting business within this forum's boundaries.

**ANSWER:** Admitted.

2. Jurisdiction is founded under the Jones Act (46 USCA 30104) for negligence, and under the General Maritime Law for unseaworthiness, maintenance, cure and wages.

**ANSWER:** Defendant admits this Court has subject matter jurisdiction pursuant to Chapter 28 USC Section 1331. Any remaining allegations contained in Paragraph 2 are denied.

3. At all times material to issues herein Plaintiff served as an employee of Defendant serving as a crew member aboard its vessels, with all acts and/or omissions giving rise to this action occurring in the court of Plaintiff's employment in the service of his ship.

**ANSWER:** Defendant admits that Plaintiff served as an employee of Defendant as a crew member aboard its vessels. The Defendant denies the remaining allegations contained in Paragraph 3.

4. On or about October 16, 2006, Plaintiff was in the course of employment on a high empty barge in an undermanned context that should have had another crewman assisting when Plaintiff was lifting a wire when it twisted resulting in injury; shortly thereafter, in attempting to lift a wire from the tow boat to an empty barge Plaintiff's glove got caught on a unreasonably glove grabbing wire resulting in further injury to his shoulder whereafter on a third occasion he was required in an undermanned context to carry rigging 200 feet to a steering coupling when as a result of said failure to provide a safe place to work and seaworthy vessel he was injured.

**ANSWER:** The Defendant denies the allegations contained in Paragraph 4.

5. Defendant's tortious acts aforesaid caused or contributed to Plaintiff's damages, inter alia, as follows:

    a. Pain and suffering, past, present and future;

    b. Mortification, humiliation, fright shock and embarrassment;

    c. Loss of earnings and earning capacity;

    d. Hospital, pharmaceutical and other cure expenses;

    e. Aggravation of prior condition, if any there be;

    f. Inability to engage in social, recreational, and other pursuits previously enjoyed;

    g. Mental anguish;

    h. Found;

    i. Maintenance, cure, wages and/or attorney fees.

**ANSWER:** Defendant denies the allegations contained in Paragraph 5.

WHEREFORE, Defendant Material Service Corporation prays for judgment in its favor and against the Plaintiff Lawrence Carnes, III, together with costs incurred in defending this action.

MATERIAL SERVICE CORPORATION

By: /s/ Robert A. Carson
One of Their Attorneys

Robert A. Carson
GOULD & RATNER LLP
*Attorneys for Defendants*
222 North LaSalle Street
Chicago, Illinois 60601
Tel. (312) 236-3003

## CERTIFICATE OF SERVICE

    I, Robert A. Carson, an attorney, hereby certify that I electronically filed the foregoing **Answer** with the Clerk of the Court using the CM/EFC system, which will send notification of such filing to:

Dennis M. O'Bryan
401 S. Old Woodward, Suite 450
Birmingham, MI  48009
(248) 258-6262
(248) 258-6047 (fax
dob@obryanlaw.net

Frederic Mendelsohn
Burke, Warren, MacKay & Serritella, P.C>
22nd Floor
330 N. Wabash Avenue
Chicago, IL  60611-3607
(312) 840-7004
fmendelsohn@burkelaw.com

on January 18, 2008.                    By:    /s/  Robert A. Carson

388981.1 05000.2460