UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE CARNES, III, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 07 CV 6479 |
| MATERIAL SERVICE CORPORATION, | ) ) ) |
| Defendant. | ) |

## MOTION FOR ENTRY OF A QUALIFIED PROTECTIVE ORDER PURSUANT TO HIPAA

Defendant, Material Service Corporation, by and through its attorneys, Gould & Ratner, pursuant to 42 U.S.C. §1320 and 45 CFR Parts 160 and 164 (HIPAA), requests that this Court enter a Qualified Protective Order, and in support states as follows.

1. Plaintiff has filed a case for personal injury under the Merchant Marine Act, as amended, commonly known as the Jones Act.

2. Plaintiff has undergone medical examination and treatment by several physicians and institutions for his injuries.

3. The physicians, hospitals, and other healthcare providers who have examined and treated Plaintiff are all "covered entities" as defined by 45 CFR 160.103. HIPAA prohibits covered entities from disclosing protected health information in judicial proceedings other than by authorization or qualified protective order. 45 CFR § 164.512(e).

4. These covered entities are all in possession of "protected health information" ("PHI") as defined by CFR 160.103 and 160.501, in the form of medical records pertaining to the Plaintiff.

396603.1 05000.2460

5. Both the prosecution and the defense of this case will require that the parties, their attorneys, their attorneys' agents, consultants and various witnesses and other personnel receive and review copies of the PHI pertaining to the Plaintiff, which is in the treating providers possession.

WHEREFORE, Defendant, Material Service Corporation, respectfully requests that this Court enter the proposed order permitting the use and disclosure of PHI created or received by any covered entity who has provided healthcare to Lawrence Carnes, III, for any purpose connect with the pending litigation.

MATERIAL SERVICE CORPORATION


By:  /s/  Robert A. Carson
     One of its Attorneys

Robert A. Carson (#3126935)
Gould & Ratner LLP
222 North LaSalle Street
Suite 800
Chicago, IL 60601
312-236-3003

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE CARNES, III, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MATERIAL SERVICE CORPORATION, )<br>)<br>Defendant. ) | Case No. 07 CV 6479 |

## QUALIFIED PROTECTIVE ORDER PURSUANT TO HIPAA

**THIS CAUSE COMING TO BE HEARD** on motion of Defendant, Material Service Corporation, by its attorneys, Gould & Ratner, for the Entry of a Qualified Protective Order Pursuant to HIPAA, due notice hereof having been given, and the Court being fully advised in the premise:

**IT IS HEREBY ORDERED:**

1) The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit "protected health information" (also referred to herein as "PHI") pertaining to LAWRENCE CARNES, III, to the extent and subject to the conditions outlined herein.

2) For the purposes of this Qualified Protective Order, "PHI" or "protected health information" shall have the same scope and definition as set forth in 45 CFR 160.103 and 160.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present or future physical or mental condition of an individual, (b) the provision of case to an individual, or (c) the payment for care provided for an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3) All "covered entities" (as defined by 45 CFR 160.103) are hereby authorized to disclose PHI pertaining to LAWRENCE CARNES, III to all attorneys now of record in this matter or who may become of record in the future of this litigation.

4) The parties and their attorneys shall be permitted to use the PHI of LAWRENCE CARNES, III in any manner that is reasonably connected with the above-captioned

litigation. This includes, but is not limited to, disclosure to the parties, their attorneys of record, the attorneys' firms (i.e., attorneys, support staff, agents and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trail consultants, jurors, venire members, and other entities involved in the litigation process.

5) At the conclusion of the litigation as to any Defendant (which shall be defined as the point at which final orders disposing of the entire case as to any Defendant have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any Defendant), that Defendant and any person or entity in possession of PHI received from the Defendant pursuant to paragraph 4 of this order shall destroy any and all copies of PHI pertaining to LAWRENCE CARNES, III except: 1) the Defendant that is no longer in the litigation may retain PHI generated by him/her/it; and 2) the remaining Defendants in the litigation, and persons or entities receiving PHI from those Defendants pursuant to paragraph 4 of this order, may retain PHI in their possession.

6) This order shall not control or limit the use of protected health information pertaining to LAWRENCE CARNES, III that comes into the possession of any party or any party's attorney from a source other than a "covered entity," (as that term is defined in 45 CFR 160.103).

7) Nothing in this order authorizes defense counsel to obtain medical records or information through means other than formal discovery requests, subpoena, depositions, pursuant to a patient authorization or through attorney-client communications. Likewise, nothing in this order relieves any party from complying with the requirements of the Illinois Mental Health and Development Disabilities Confidentiality Act (740 ILCS 110/1 et seq.), the Aids Confidentiality Act (410 ILCS 305/1 et seq.) or state and federal law that protects certain drug and alcohol records (20 ILCS 301/30-5, 42 U.S.C. 290dd-3 and 290ee-3, and 42 CFR Part 2).

*Order prepared by:*
Robert A. Carson (#3126935)
GOULD & RATNER LLP
222 N. LaSalle, Suite 800
Chicago, IL 60601
(312) 236-3003

_____, 2008
**ENTER:**

_____
**JUDGE**